THE ATLANTIC, TENNESSEE & OHIO RAILROAD CO., WM. JOHNSON and others *v.* S. A. SHARPE and others.

A Justice of the Peace has no jurisdiction of proceedings of Forcible Entry and Detainer under Rev. Code, chap. 49.

(*Perry* v. *Tupper* and *State* v. *Yarborough,* at this term, cited and approved.)

CIVIL PROCEEDING, under chap. 49, Rev. Code, commenced before a Justice of the Peace, and carried by appeal to the Superior Court of IREDELL county, where it was tried before *Mitchell, J.,* at Fall Term, 1873, of the Superior Court.

The action is in the nature of a Forcible Entry and Detainer, to recover the possession of the property of the plaintiff corporation, alleged to be in the hands of Sharpe, the defendant. It was tried before the Justice and a jury, and the plaintiff put into possession. From this judgment defendants appealed. At the hearing in the Superior Court, the plaintiffs moved to dismiss the appeal, and the defendants moved to dismiss the action. His Honor refused the latter motion of defendants, and allowed the plaintiff's, dismissing the appeal; whereupon defendants appealed to this Court.

*Jones & Johnston, McCorkle & Bailey* and *R. Barringer,* for appellants.

*Armfield* and *Caldwell,* contra.

RODMAN, J. Without going into any of the questions

attempted to be raised in this case, it will be sufficient to say, that we have considered, that as the statute at present stands, a Justice of the Peace has no jurisdiction of proceeding of Forcible Entry and Detainer, under. Rev. Code, chap. 49. *Perry v. Tupper* and *Slate v. Yarborough*, at this term. The reason is, that a Justice has no jurisdiction where the title to land comes in question, and by that act the defendants may always raise a question of title under sec. 5, and in such case the Justice could only dismiss the complaint. As the jurisdiction is a very useful one, the necessity for such a construction is to be regretted. The Legislature may remedy the difficulty if they shall think fit, by providing that no plea of title shall be put in, except under oath; and that in such case the Justice, instead of dismissing the action, shall bind the parties over to the Superior Court, and return his proceedings to that Court.

As the defendants were put out of possession under the invalid proceedings, a writ of restitution would be granted, as in *Perry* v. *Tupper*, but if it appears that all the property of the plaintiff corporation has been put in the hands of a receiver, and the order therefor is unnecessary.

PER CURIAM.                                    Action dismissed.